*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    521988
_____

In the Matter of the Claim of
    JOANNE TURI,
                    Appellant,

        v

FIVE L. ENTERPRISES, INC.,                MEMORANDUM AND ORDER
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  April 22, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

                    _____


        Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel),
for appellant.

        Cherry, Edson & Kelly, LLP, Tarrytown (James U. Cavanagh of
counsel), for Five L. Enterprises, Inc. and another, respondents.

                    _____


Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 3, 2015, which, among other things, ruled that
claimant lacked standing to request the imposition of a penalty
for the failure of the workers' compensation carrier to make a
timely deposit into the Aggregate Trust Fund.

        A workers' compensation claim was established and death
benefits were awarded following the death of claimant's spouse in
a 1993 work-related accident.  Based upon the actuarial

computation of the present value of the award, the employer's workers' compensation carrier was directed to deposit $270,835.78 into the Aggregate Trust Fund (hereafter ATF) pursuant to Workers' Compensation Law § 27. Although the carrier continually made compensation payments to claimant and decedent's dependents, no deposit was made into the ATF. As is relevant to this appeal, claimant maintained that the carrier's lack of deposit into the ATF amounted to an untimely payment of compensation requiring that a 20% penalty be imposed in accordance with Workers' Compensation Law § 25 (3) (f). The Workers' Compensation Board ultimately found, among other things, that claimant was not an aggrieved party with standing to request the imposition of a penalty for the carrier's failure to make a timely deposit into the ATF. Claimant appeals.

We affirm. Any untimely deposit by a carrier into the ATF and resulting penalty and/or interest to be imposed is governed by the Board's rules and regulations (see 12 NYCRR 393.2) and is separate and apart from any penalty imposed pursuant to Workers' Compensation Law § 25 (3) (f) for late payment of compensation to a claimant. "The issue of late payment to the [ATF] is an issue between the [ATF] and the carrier and is of no consequence to . . . claimant" (Employer: Niagara Mohawk, 2010 WL 2817807, *2, 2010 NY Wrk Comp LEXIS 132, *4 [WCB No. 5021 5237, July 15, 2010]; accord Employer: Walmart, 2006 WL 907700, *1 [WCB No. 6950 4297, Apr. 3, 2006]). As such, the Board properly found that claimant lacked standing.

Garry, J.P., Lynch, Clark and Mulvey, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court